BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
JACQUELINE COLEMAN SNEAD
Assistant Branch Director
PARDIS GHEIBI
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

**UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>By the Department of Justice<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br><br>      Plaintiff,<br><br>v.<br><br>GAIL E. NEELON,<br><br>501 Slaters Lane #209<br>Alexandria, VA 22314<br><br>      Defendant. | Case No.: 23-cv-3177<br><br><br><br><br><br>**COMPLAINT** |

## **COMPLAINT**

1. This is an action brought pursuant to the Ethics in Government Act of 1978 (EIGA), Pub. L. No. 95-521, 92 Stat. 1824 (codified as amended at 5 U.S.C. app. 4 § 101 *et seq*.), by the United States of America against Gail E. Neelon for civil penalties for knowingly and willfully failing to file the required termination public financial disclosure reporting after her employment terminated with the Department of State.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 5 U.S.C. app. 4 § 104(a) and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper pursuant to 5 U.S.C. app. 4 § 104(a) and 28 U.S.C. § 1391(b).

## **PARTIES**

4. Plaintiff is the United States of America.

5. Defendant Gail E. Neelon is a former employee of the Department of State.

## **STATUTORY BACKGROUND**

6. EIGA requires individuals who occupy covered positions to file a final public financial disclosure report on or before the thirtieth day after leaving their position, unless they have accepted another covered position. 5 U.S.C. app. 4 § 101(e).

7. Among the positions covered by section 101 are "employee[s] in the [E]xecutive [B]ranch" whose "basic pay is equal to or greater than 120 percent of the minimum rate of basic pay payable for GS-15 of the General Schedule." 5 U.S.C. app. 4 § 101(f)(3).

8. Section 104(a) of EIGA authorizes the Attorney General to bring a civil action in federal district court against "any individual who knowingly and willfully fails to file or report any information that such individual is required to report" under EIGA. 5 U.S.C. app. 4 § 104(a)(1).

9. EIGA provides that the court may assess a civil penalty of up to $71,316 against an individual who knowingly and willfully fails to file a public financial disclosure report required under EIGA. *See* 5 C.F.R. § 2634.701, Table 1; 5 U.S.C. app. 4 § 104(a)(1).

## FACTUAL BACKGROUND

10. In June 2010, Ms. Neelon joined the Department of State as the Dean of Leadership and Management School at the Foreign Service Institute. This was a Senior Executive Service position, which she held until her retirement in August 2021. Ms. Neelon was required to file financial disclosure reports on Public Financial Disclosure Form 278 under EIGA since at least 2013 until her requirement. In her position in the year ending December 31, 2020, Ms. Neelon's salary was greater than 120 percent of $109,366, then the minimum rate of basic pay payable for GS-15 of the General Schedule. *See* 5 U.S.C. app. 4 § 101(f)(3); *Salary Table 2020-GS*, https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/salary-tables/pdf/2020/GS.pdf (last visited June 22, 2023).

11. Ms. Neelon complied with her obligation to file her annual financial report throughout her tenure. In her later years of service, however, she often requested and received a 45-day extension but then filed her report long after the extension.

12. In fall 2020, Ms. Neelon was referred to the Human Resources bureau of the Department of State for possible disciplinary action for her failure to file her annual report in a timely manner, but she submitted her report before any action was taken.

13. Ms. Neelon retired on August 31, 2021, and therefore her termination public financial disclosure report was due within 30 days of that date. 5 U.S.C. App. § 101(e); 5 C.F.R. § 2634.201(e).

14. Beginning on July 30, 2021, the Integrity computer system, through which Ms. Neelon was to submit her report, sent automated past-due reminders to Ms. Neelon every seven days until May 2023. The reminders stated, in part, "[t]his notice is a reminder that you have either an unfiled OGE 278 Annual Report, New Entrant Report, Termination Report or a Periodic Transaction Report that you have started but not submitted" and provided the Integrity website link for accessing and submitting her report.

15. In addition to the automated reminders, the Department of State began contacting Ms. Neelon using a personal email address that Ms. Neelon used while she was at the Department (hereinafter "provided email address"), and a home address Ms. Neelon had identified on her SF-50 Personnel Action form upon her retirement (hereinafter "provided home address").

16. On October 18, 2021, Sarah E. Taylor, Deputy Ethics Official, Financial Disclosure Division, U.S. Department of State, sent an email to Ms. Neelon at her provided email address, notifying her of her failure to file the required termination report, urging her to file her report, and informing her that unless there were extenuating circumstances preventing her filing, she would be assessed a $200 late-filing fee. Ms. Neelon did not respond.

17. By email dated November 12, 2021, Ms. Taylor followed up on the October 18, 2021 email. Ms. Neelon did not respond.

18. Four days later, Ms. Taylor contacted Ms. Neelon again via the provided email address to remind her that she has not yet submitted her termination report. Ms. Neelon did not respond.

19. By email dated December 13, 2021, Ms. Taylor followed up on the November 16, 2021 email. The same day, Ms. Neelon, using the provided email address, responded to Ms. Taylor stating: "Sarah, can you please send me the link[?] Thanks for your patience."

20. On March 4, 2022, Ms. Taylor followed up with Ms. Neelon noting that it is "imperative" that Ms. Neelon complete her report, and advising that she will be assessed a late filing fee. Ms. Neelon did not respond.

21. By email dated March 11, 2022, Ms. Taylor provided the link Ms. Neelon had requested in December and apologized for failing to provide it sooner due to oversight. Ms. Neelon did not respond.

22. On March 15, 2022, Ms. Taylor sent a letter via certified mail to Ms. Neelon's provided home address regarding her ongoing failure to comply with the termination filing requirement, urging her to remedy the failure, and informing her that willful failure to comply may be referred to the Department of Justice for civil action. The letter was delivered to the front desk, reception area of Ms. Neelon's apartment building. Ms. Neelon did not respond.

23. On May 6, 2022, Late Filers[1] sent an email sent to Ms. Neelon's provided email address regarding her failure to comply with her filing obligation and potential action by the Department of Justice. Ms. Neelon did not respond.

24. By email dated May 16, 2022, Jane M. Parker, Ethics Program Specialist, Financial Disclosure Division, U.S. Department of State, followed up on the May 6, 2022 email. Ms. Neelon did not respond.

25. On August 22, 2022, Ms. Parker sent another letter via certified mail to Ms. Neelon's provided home address, once again pointing to her failure to submit her termination report and urging her to comply with her filing obligation to avoid potential civil penalties. This letter was "unclaimed" and therefore returned to the State Department on September 12, 2022.

---

[1] Late Filers is an email address associated with the State Department's Office of the Legal Advisor, Ethics and Financial Disclosure.

26. On October 17, 2022, Ms. Parker sent a final letter to Ms. Neelon's provided home address, reiterating the State Department's previous warnings. Ms. Neelon did not respond.

27. On October 17, 2022, Late Filers sent an email to five email addresses Lexis-Nexis identified as associated with Ms. Neelon. The email advised of her continued her failure to comply with her filing obligation and her exposure to potential legal action by the Department of Justice. On October 22, 2022, an automated email was generated, with a notification that the October 17, 2022 email failed to deliver to the provided email address. Ms. Neelon did not respond.

28. The State Department thereafter referred this matter to DOJ.

29. As of this filing, Ms. Neelon still has not submitted her termination report.

## COUNT I

30. Plaintiff repeats and realleges Paragraphs 1 through 29 as if fully stated herein.

31. Ms. Neelon has been aware since 2013 that she was subject to EIGA and, since on or before July 30, 2021, that she was required to file a termination report.

32. The State Department, the Integrity System, and Late Filers repeatedly informed Ms. Neelon of her obligation to file her termination report.

33. Notwithstanding the numerous attempts to obtain her compliance, as of this filing, Ms. Neelon has not filed her termination report.

34. Ms. Neelon violated EIGA, 5 U.S.C. app. 4 § 104, by knowingly and willfully failing to file her termination report.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States of America prays that this Court issues a decision and order:

(1) Requiring Ms. Neelon to file her termination financial disclosure report;

(2) Requiring Ms. Neelon to pay a late-filing fee of $200;

(3) Assessing a civil penalty under Count I in an amount to be determined by the Court;

and

(4) Granting Plaintiff such further relief as the Court deems just and proper.

Dated: October 23, 2023                     Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Pardis Gheibi*
PARDIS GHEIBI
Trial Attorney
United States Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Attorney for Plaintiff*